XAVIER BECERRA, State Bar No. 118517
Attorney General of California
JON S. ALLIN, State Bar No. 155069
Supervising Deputy Attorney General
DAVID E. KUCHINSKY, State Bar No. 292861
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone:  (916) 210-7666
 Fax:  (916) 324-5205
 E-mail:  David.Kuchinsky@doj.ca.gov
*Attorneys for Defendants State of California,
California Department of Corrections and
Rehabilitation, P. Covello, J. Lizarraga,
D. Clays, M. Bentz, J. Link, and J. Rowe*

JOHN L. BURRIS, ESQ., State Bar No. 69888
BEN NISENBAUM, ESQ., State Bar No. 69888
JAMES COOK, ESQ., State Bar No. 300212
LAW OFFICES OF JOHN L. BURRIS
 Airport Corporate Center
 7677 Oakport Street, Suite 1120
 Oakland, CA 94621
 Telephone:  (510) 839-5200
 Fax:  (510) 839-3882
 E-mail: John.Burris@johnburrislaw.com
 E-mail: Ben.Nisenbaum@johnburrislaw.com
 E-mail: James.Cook@johnburrislaw.com
*Attorneys for Plaintiff Ramzi Mansoor*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RAMZI MANSOOR,** | 2:20-cv-00609-WBS-KJN |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | **Local Rule 141.1** |
| **STATE OF CA, et al.,** | Judge:         Hon. Kendall J. Newman<br>Action Filed:  March 20, 2020 |
| Defendants. | |

1

**IT IS STIPULATED BY THE PARTIES, BY AND THROUGH THEIR RESPECTIVE COUNSEL, AND ORDERED BY THE COURT AS FOLLOWS:**

I.    **CONFIDENTIAL MATERIAL SUBJECT TO THIS PROTECTIVE ORDER**

Plaintiff Mansoor, an inmate proceeding with counsel, claims that Defendants violated his Eighth Amendment rights by failing to prevent other inmates from physically and sexually assaulting him. Specifically, Plaintiff claims that Defendants ignored his request to be moved from his cell in the two days before he was physically and sexually assaulted by his cell mate and another inmate.

Plaintiff reported the alleged assault, and prison staff immediately launched a confidential investigation into Plaintiff's allegations, which included taking statements from witnesses and the alleged participants in the assault, collecting and preserving physical evidence for further analysis, and conducting medical evaluations of Plaintiff and the two inmates who were allegedly involved. The results of the investigation were recorded in confidential reports and memoranda. The reports and memoranda contain highly sensitive information including, among other things: confidential and protected medical information for Plaintiff and the alleged participants in the assault, the names and CDCR numbers of other CDCR inmates, identifying information of CDCR staff members and/or contractors, confidential appeal records, forensic medical evidence reports, and physical evidence examination reports.

II.    **NEED FOR PROTECTION OF CONFIDENTIAL MATERIAL**

Defendants contend that the confidential reports and memoranda discussed above are protected by the official information privilege under federal law and, but for this protective order, should not be disclosed. *Kerr v. United States Dist. Ct. for N.D. Cal.*, 511 F.2d 192, 198 (9th Cir. 1975), *aff'd*, 426 U.S. 394 (1976); *see also Kelly v. City of San Jose*, 114 F.R.D. 653, 670 (N.D. Cal. 1987) (privilege only applies if "disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests").[1]

---

[1] At this point in time, Defendants believe that disclosure of the confidential reports and memoranda subject to this protective order will *not* create a substantial risk of harm to governmental or privacy interests. Nevertheless, Defendants reserve the right to reassert the official information privilege, and to withhold these materials or any other confidential document, if changed circumstances suggest that a protective order will not adequately reduce these risks.

1  Defendants also contend that, absent this protective order, disclosure of the reports and
2  memoranda could jeopardize the safety and security of California prisons—in particular, it could
3  jeopardize the safety of Plaintiff and any other inmates mentioned in the reports and memoranda.
4  Cal. Code Regs. tit. 15, § 3321 (a)(1)(2)(5), 3450(d) (2019).  Unprotected disclosure of the
5  reports and memoranda would also violate the privacy rights of third-party inmates, officers, and
6  non-inmates mentioned in the reports and memoranda   Cal. Const. art. I, § 1; Cal. Civ. Code
7  § 1798.24.

8  **III.   NEED FOR A COURT ORDER**

9  In this action, Plaintiff has propounded requests for the production of documents, which
10 would include the confidential reports and memoranda, documents containing confidential
11 medical information of other inmates, and identifying information of CDCR staff members and
12 contract employees, discussed above.  A private agreement among the parties is not sufficient to
13 protect CDCR's interests, and those of third parties, in maintaining the confidentiality of these
14 documents and materials.

15 **IV.   CONDITIONS FOR RELEASE OF CONFIDENTIAL DOCUMENTS**

16 The Court orders the following to protect the confidentiality of the documents described
17 above:

18      1.   The provisions of this Protective Order apply to the documents or materials
19 designated by Defendants as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES
20 ONLY."  The Court-issued Protective Order applies because the designated documents or
21 materials contain confidential information, which if shared, could jeopardize the safety and
22 security of CDCR institutions, its employees, inmates, informants and their families, or other
23 individuals.

24           a.   The designation of "CONFIDENTIAL" is intended to encompass documents or
25 materials that Defendants, CDCR, or any nonparties in good faith believe contain information that
26 would not ordinarily be disclosed to other persons or entities because the information is
27 confidential under state or federal law or protected by privilege.
28 / / /

      b.    The designation of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" is intended to encompass documents or materials that Defendants, CDCR, or any nonparties in good faith believe contain information that is particularly sensitive and therefore requires the utmost level of protection. This designation will only be used when the material, if shared, could jeopardize the safety and security of CDCR institutions, its employees, inmates, informants and their families, the Defendants, or other individuals.

    2.    The designation of information or materials for purposes of this Protective Order shall be made in the following manner by the party or nonparty seeking protection:

      a.    In the case of documents, exhibits, briefs filed with the Court, or other materials, excluding depositions or other pretrial and trial testimony, the designating party shall clearly designate the document as either "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS EYES ONLY" on the first page and each page containing any confidential information. If the document was produced in electronic format, the designating party shall designate the confidential document by physically labeling the outside of any media storing the electronic documents.

      b.    In the case of depositions or other pretrial testimony, the designating party shall, through counsel, state on the record what portions of the transcript shall be designated "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS EYES ONLY." The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation.

      c.    The designation shall be made (i) at the time such materials are disclosed or as soon as possible thereafter; or (ii) as soon thereafter as Defendants, CDCR, or any nonparties become aware of an inadvertent production without a confidential designation.

    3.    Information or materials designated as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS EYES ONLY" under this Protective Order, or copies or extracts and compilations therefrom, may be disclosed, described, characterized, or communicated only to the following persons:

////

1         a.    Counsel of record for Plaintiffs in this action;

2         b.    The attorney(s) of record for Defendants, CDCR, and any nonparties;

3         c.    Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel for Plaintiff, Defendants, CDCR, and any nonparties, who are necessary to aid counsel for Plaintiff, Defendants, CDCR, and any nonparties in the litigation of this matter;

        d.    Court personnel and stenographic reporters engaged in such proceedings as are incidental to the preparation for the trial in this action; and

        e.    Experts retained by counsel.

4. No documents or material designated as "CONFIDENTIAL — ATTORNEYS EYES ONLY," or any information contained in such documents or material, shall be shown to, discussed with, or disclosed in any other manner to Plaintiff, any other inmate or former inmate, any parolee or former parolee, or any other person who is not a current or former CDCR employee, including any percipient witness, unless a written waiver expressly authorizing such disclosure has been obtained from counsel for Defendants or CDCR.

5. No person who has access to any confidential material as set forth above shall copy any portion of the confidential material, except as necessary to provide a copy of the confidential material to any other authorized individual listed in paragraph 3, or to submit copies to the Court under seal in connection with this matter. Any copies made for such purpose will be subject to this order. A copy of this order must be provided to any individual authorized to access the confidential material before providing that individual with access to the confidential material, including experts or consultants retained by counsel. Counsel for the parties shall maintain a record of all persons to whom access to the confidential material has been provided. The Court and counsel for Defendants, CDCR, and any nonparties may request a copy of such record at any time to determine compliance with the Court's order.

6. Any argument, discussion, or examination of any witness privy to the confidential material shall be done *in camera* and any record of such argument, discussion, or examination shall be kept under seal, subject to the Court's order to the contrary. Counsel for each party shall

only discuss in open court the summaries of confidential information as worded by Defendants, CDCR, and any nonparties contained in any non-confidential record.

7. At the conclusion of the proceedings in this case, including any period for appeal or collateral review, or upon other termination of this litigation, counsel for Plaintiff shall destroy all confidential materials and all copies of such material in counsel's possession or return such materials to counsel for Defendants. When Plaintiff's counsel returns or destroys the confidential material, they shall provide Defendants' counsel with a declaration stating that all confidential material has been returned or destroyed

8. Nothing in this protective order is intended to prevent officials or employees of the State of California, or other authorized government officials, from having access to confidential material to which they would have access in the normal course of their official duties.

9. If a party believes that a producing party's designation of information as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" is not warranted, the party shall first make a good faith effort to resolve such a dispute with opposing party. In the event that the parties cannot resolve such a dispute, either party may challenge that designation by making an application to the Court in accordance with the Magistrate Judge's Standing Orders, the Local Rules of the United States District Court for the Eastern District of California, and the Federal Rules of Civil Procedure.

10. The provisions of this protective order are without prejudice to the right of any party:

   (a) To apply to the Court for a further protective order relating to any confidential material or relating to discovery in this litigation;

   (b) To apply to the Court for an order removing the confidential material designation from any documents; or

   (c) To object to a discovery request.

11. All confidential material in this matter shall be used solely in connection with the litigation of this matter, or any related appellate proceeding and collateral review, and not for any other purpose, including any other litigation or proceeding.

12. Any violation of this order may result in sanctions by this Court, including contempt, and may be punishable by state or federal law.

13. The provisions of this order shall remain in effect until further order of this Court. The Court will provide counsel for Defendants, CDCR, and any nonparties an opportunity to be heard should the Court find modification of this order necessary.

**IT IS SO STIPULATED**

Dated:  June 29, 2020

/s/ *David E. Kuchinsky*
DAVID E. KUCHINSKY
Deputy Attorney General
*Attorney for Defendants State of California, California Department of Corrections and Rehabilitation, P. Covello, J. Lizarraga, D. Clays, M. Bentz, J. Link, and J. Rowe*

Dated:  June 29, 2020

/s/ *James Cook*
JAMES COOK
*Attorney for Plaintiff Ramzi Mansour*

IT IS SO ORDERED

Dated: July 6, 2020

mans.609

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE